**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

IN RE:

| | |
|---|---|
| CHAD C. DIONNE & | CHAPTER 13 |
| MICHELLE A. DIONNE, | CASE NO. 09-21224 |
| DEBTORS | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CHAPTER 13 PLAN

The following debtors **CHAD DIONNE and MICHELLE DIONNE** (hereinafter "debtors") propose the following plan. The debtors submit the following income and/or property to the trustee as is necessary for the execution of the plan.

1. **Plan Payments**.
   a. Commencing within 30 days from the date this case was commenced, the debtors will make plan payments of **$840.00** a month for a total plan length of 54 months.
   b. The applicable commitment period is 60 months.
   c. In addition, the debtor will pay the following: NONE.
   d. Total amount to be paid by the debtor to the trustee is **$45,360.00.**
   e. The debtors will contribute all tax refunds (combined federal and state) in excess of $1,200 per year, per debtor.

2. **Administrative Claims**. Administrative expenses and claims, as allowed, shall be paid in full from the funds paid by the debtor to the trustee as follows:
   a. Trustee's fees not to exceed 10%................................. $4,536.00
   b. Attorney's fee to be paid through the plan (if any)……$   500.00
   c. Administrative reserve (if any)……………….....………$5,017.20
   d. Other (describe)……………………………….………...$0.00

3. **Secured Claims.** Claims secured by property of the estate shall be paid as follows:

   a. <u>Pre-Confirmation Adequate Protection Payments.</u> No later than 30 days from the date of filing, the debtor shall make pre-confirmation adequate protection payments to the trustee for the benefit of the following creditors. The trustee shall disburse pre-confirmation adequate protection payments upon confirmation, or as otherwise provided by rule. A proof of claim must be filed for payment to issue. Pending confirmation, creditor(s) shall have an administrative lien on such payments, which shall be honored, subject to the trustee's fees, in the even of dismissal prior to confirmation.

| **Creditor** | **Collateral** | **Details** |
|---|---|---|
| People's Choice CU | 2003 Dodge Ram | payments to be outline in paragraph (e) below. |
| Bank of America | 2007 Harley Davidson | Payments to be outlined in paragraph (f) below. |

b. <u>Secured Claims not in Arrears.</u>  The following secured claims not in arrears shall be paid directly by the debtor pursuant to the existing contract(s) between the debtor and the creditor(s).  The lien securing each claim shall not be impaired and the underlying claim shall not be discharged.

| **Creditor** | **Collateral** | **Details** |
|---|---|---|
| Nationstar | Residence | Debtors to make monthly Mortgage payments in the approximate amount of $1992.00 directly to creditor beginning in **September 2009.** |

c. <u>Secured Claims in Arrears.</u>  Current payments on secured claims in arrears (which arrearage is to be cured in paragraph (d), below) shall be made by the trustee during the term of the plan from the funds paid by the debtor as follows.  Payment amounts will be adjusted pursuant to the existing contract(s) between the debtor and each creditor.  Payments made by the trustee pursuant to this paragraph constitute full compliance with the existing contract between the debtor and each creditor.  A proof of claim must be filed for payment to issue.

| **Creditor** | **Collateral** | **Periodic Payment And Amount** | **Next Due Date (Approx.)** |
|---|---|---|---|
| NONE. | | | |

d. <u>Arrearages on Secured Claims.</u>  Arrearages on secured claims to cure defaults shall be paid from the funds paid by the debtor to the trustee as follows.  A proof of claim must be filed for payment to issue.

| **Creditor** | **Collateral** | **Principal** | **Interest Rate** | **Mo. Pymt.** | **1st/Last Pymt (Anticipated)** |
|---|---|---|---|---|---|
| *Nationstar Mortgage | Residence | $6,500.00 | 0% | Pro Rata | |

**\*Payments shall be applied as detailed in SCHEDULE V**

e. 910 Claims. Claims to which §506 valuation is <u>not</u> applicable consist of claims secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days prior to the bankruptcy filing or, if the collateral is any other thing of value, the debt was incurred within one year prior to filing. The claim amount plus allowed interest shall be paid as follows from the funds paid by the debtor to the trustee. A proof of claim must be filed for payment to issue.

| Creditor | Collateral | Principal | Interest Rate | Mo. Pymt. | 1st/last Pymt (Anticipated) |
|---|---|---|---|---|---|
| People's Choice CU | 2003 Dodge Ram 2500 | $13,950.00 | 4.25% | | Pro-Rata |

f. Non-910 Claims. Claims as to which §506 valuation is applicable consist of secured claims other than as described in paragraphs (a) through (e) above. The following secured claims shall be paid in full or to the extent of value. A proof of claim must be filed for payment to issue. Confirmation of the plan is a judicial determination of value as set forth below. Any undersecured portion of the claim shall be treated as unsecured.

| Creditor | Collateral | Principal | Interest Rate | Mo. Pymt. | 1st/last Pymt (Anticipated) |
|---|---|---|---|---|---|
| Bank of America | 2007 Harley Davidson | $11,773.00 | 4.25% | $239.92 | Pro-Rata |

g. Collateral to be Surrendered. The debtor will surrender the following collateral within 30 days unless otherwise set forth. Any claim filed by a secured creditor with respect to such collateral will be treated as unsecured. The debtor consents to relief from stay with respect to such collateral; the debtor's consent does not affect the interests of the trustee or any co-debtor.

| Creditor | Collateral | Collateral Will Be Surrendered On or Before |
|---|---|---|

NONE.

f. Direct payments on secured claims. The Debtors shall make payments directly to the following secured creditors.

| **Creditor** | **Collateral** | **Details** |
|---|---|---|
| Nationstar | Residence | Debtors to make monthly Mortgage payments in the approximate amount of $1992.00 directly to creditor beginning in **September 2009.** |

4. **Executory Contracts and Leases.**

    a. Assumption and Rejection. Any executory contract or lease not assumed is rejected by confirmation of the plan. The following executory contracts and leases are assumed and will be paid directly by the debtor according to the terms of the agreement between the debtor and the creditor.

| **Creditor/Lessor/Other Party To Contract or Lease** | **Description** |
|---|---|
| NONE. | |

    b. Cure of Defaults. Monetary defaults on any executory contract or lease assumed by the debtor will be cured by the trustee from funds submitted by the debtor as follows. Payments will be made coincident with payments to secured creditors.

| **Creditor/Lessor** | **Property Leased** | **Total Amt of Of Default** | **Mo. Pymt.** |
|---|---|---|---|
| NONE. | | | |

5. **Priority Claims.** Claims entitled to priority under 11 U.C.C. §507(a) shall be paid from the funds paid by the debtor to the trustee as follows. A proof of claim must be filed for payment to issue.

    a. Domestic-Support Obligations.

        i. [ X]   The debtor has no domestic support obligations;
                or
           [ ]   The debtor shall pay all post-petition domestic support obligations directly to the holder of each claim.

        ii.   Unless otherwise provided, the following pre-petition domestic support obligations shall be paid in full after secured claims are paid.

| **Creditor** | **Description of Claim** | **Amount of Claim** |
|---|---|---|

NONE.

    b. <u>Other Priority Claims.</u>  Other priority claims shall be paid in full as follows:

**Creditor**        **Description of Claim**        **Amount of Claim**

NONE.

6. **Interim Distribution**  Interim distribution may be made pursuant to court order to provide adequate protection and/or payment to undisputed and timely filed priority and secured claims.

7. **Chapter 7 Liquidation Test (11 U.S.C. §1325(a)(4)).**  If this case were liquidated under Chapter 7 rather than reorganized under Chapter 13, the trustee would be entitled to sell, collect or recoup certain assets for the benefit of creditors.  The liquidation amount which would be available for unsecured creditors, net of valid secured claims and exemptions is **$0.00** the debtor certifies that at least this cash amount will be paid to the trustee for the benefit of unsecured creditors in this case.

8. **General Unsecured Claims**.  Unsecured (and undersecured) creditors' claims are listed on the debtor's schedules in the approximate amount of **$108,571.03.**  From the funds submitted by the debtor, the trustee will pay a pro rata share of approximately **$500.00** after all other claims have been paid.  A creditor must file a proof of claim by the bar date to be entitled to payment.  The Court will issue an order after the bar date determining the actual dividend.

9. **Special Provisions.**  The following other special provisions of the plan appear on the attached schedules as indicated.

    [] No other special provisions.
    [] Schedule I – Co-debtor matters (11 U.S.C. §§1301 & 1322(b)(1))
    [] Schedule II – Lien avoidance (11 U.S.C. §522)
    [] Schedule III – Sale of property (11 U.S.C. §363)
    [] Schedule IV – Injunctive Relief (11 U.S.C. §2002(c)(3) and Fed.R.Bankr.P. 7001(7))
    [] Schedule VI-Return of secured collateral (11 U.S.C. Section 1325(a)(5)(C))
    [X] **Schedule V – Other**

10. **Property of the Estate.**  Property of the estate not paid over to the trustee shall remain in the possession of the debtor.  All property of the estate,

whether in the possession of the debtor or the trustee, remains property of the estate subject to the Court's jurisdiction notwithstanding 11 U.S.C. §1327(b).

Dated: August 6, 2009              */s/ Chad Dionne*
                                   Debtor


Dated: August 6, 2009              */s/ Michelle Dionne*
                                   Debtor


Dated: August 6, 2009              */s/ Jennifer G. Hayden*
                                   Jennifer G. Hayden, Esq.
                                   Molleur Law Office.
                                   Attorney for Debtors
                                   419 Alfred Street
                                   Biddeford, ME 04005
                                   (207) 283-3777
                                   jen@molleurlaw.com

# RECONCILIATION BALANCE SHEET
(Total payments and total distributions should be the same)

**A. Total payments from Debtor to Trustee**        $45,360.00

**B. Distributions to be made by Trustee in accordance with Plan.**

    1. Trustee's fees.                                              $  4,536.00
    2. Debtor's attorney's fees                              $     500.00
    3. Administrative Reserve                                 $  5,017.20
    4. Secured Claims
        a. Nationstar   Pro Rata                       $  6,500.00
        b. PCCU           Pro Rata                       $ 15,351.12
        c. BOA             Pro Rata                       $ 12,955.68
    5. Cure of executory contracts and leases     $         0.00
    6. Total priority claims                                      $         0.00
    7. Total to class I general unsecured claims    $     500 .00
    8. Total to class II general unsecured claims   $         0.00

**C. Total Distributions**                                                    $45,360.00

## Schedule V – Other

The arrearage in the amount of **$6,500.00** on the long term mortgage debt (the "Claim") will be paid to **Nationstar Mortgage**, its successors or assigns (hereinafter referred to as the "Creditor") through the Chapter 13 Trustee. No interest will be paid on this arrearage. Debtor(s) reserves the right to contest the amount of arrears as asserted in any proof of claim filed with this Court in connection with the Claim.

The Debtor (s) shall make all regular monthly payments first coming due under the terms of the Claim after the date of the petition filed in this case or, if completed the following date: **September 1, 2009,** directly to the Creditor.

Confirmation of the plan shall impose an affirmative duty on the Creditor, and any other holders and/or servicers of the Claim to do all of the following:

(1)     To apply the payments received from the trustee pursuant to the terms of the Plan (including, but not limited to, payments received on pre-petition or post-petition arrearages, if any) only to charges and other amounts which the trustee is to pay under the terms of the Plan...

(2)     To deem all past due payments which are to be paid by the trustee through the Plan as contractually current upon confirmation of the plan for the purposes of precluding imposition thereafter of late payment charges or other charges arising because of a default in making these payments as provided under the terms of Claim as those terms existed prior to their modification by this Plan.

(3)     Upon request of the Debtor(s) or the trustee, to provide an accounting of all payments received by the Creditor on all regular monthly payments first coming due under the terms of the Claim after the date of the petition filed in this case or, if completed the following date: **September 1, 2009.**  This accounting shall list each such payment received by the Creditor, provide the date of that receipt, provide the amount of each such payment that was applied, as well as the date of the application of the same, to principal, interest, late charges, escrow balances and other amounts by the Creditor, and provide the amount and dates on which any portion of the same was deposited into or withdrawn from some type of suspense, forbearance, or similar account.

(4)     To notify the Debtor(s) in writing of each change in the interest rate and/or in the amount of all regular monthly payments coming due under the terms of the Claim, and the effective date of each such change, as required by applicable law, including, but not limited to, 12 C.F.R. Part 226 and Maine Revised Statutes Title 9-A, or, to the extent not contrary to applicable law, the terms of the Claim.

(5)     To notify the Debtor(s) in writing of any changes in or to any amounts which the Debtor(s) is required to pay to the Creditor for real property taxes and/or real property insurance premiums as required by applicable law, including, but not limited to 24 C.F.R.

Part 3500 and Maine Revised Statutes Title 9-A, or, to the extent not contrary to applicable law, the terms of the Claim.

(6)    The Creditor shall adhere to and shall be governed by the following:

(a)    Upon receipt by the Creditor of all amounts which the trustee is required to pay the Creditor under the terms of the Plan for any amounts which are past due under the terms of the Claim, then, if the Debtor(s) timely make all required post-petition, direct payments in full to the Creditor, then the Claim shall be reinstated in accordance with its original terms, extinguishing any right of the Creditor to recover any amount alleged to have arisen prior to the filing of the petition.  This shall not affect any rights which the Creditor may have with respect to any defaults which consist of something other than a failure to make required payments to the Creditor.

(b)    After final payment in full of the pre-petition arrearages, the Debtor(s)' attorney shall file with the Court a Motion stating that:

(i) The pre-petition arrearages have been paid in full; and
(ii) The Creditor is required to treat the mortgage as reinstated and fully current unless the Debtor(s) have failed to make timely, full payments of their direct, post-petition monthly payments.

This Motion shall include the date and amount of each post-petition payment which the Debtor asserts was mailed to the creditor and shall be served upon the Creditor as provided in Bankruptcy Rule 2002(g).  If the Creditor at the time of the filing of this Motion with the Court is a successor or assign of the Creditor at the time of confirmation of the Plan, and no address has otherwise been designated for that successor or assign as provided in Bankruptcy Rules 2002(g)(1) or 5003(e), then the Motion shall also be served upon that successor or assignee at any address designated to the Debtor or the Debtor's attorney by that successor or assignee in a billing statement or otherwise as the address to which inquiries or notices from the Debtor concerning the Claim should be directed.  The Creditor may respond to the Motion within thirty (30) days of service of the same upon that Creditor and must serve that response upon the Debtors' counsel and the trustee.  If the Creditor asserts that the Debtor(s) have failed to make timely, full payments of their direct, post-petition monthly payments, then the Creditor shall include in that response  a Statement of Account which sets forth all payments received by the Creditor after the filing of the petition in this case, and includes an identification of all past due amounts then outstanding under the terms of the Claim.  The Debtor(s) may challenge the accuracy of the Statement of Account by a response to the same filed with this Court within thirty (30) days of the date that it is served upon the Debtor(s)' counsel and further proceedings will be held upon the same.  Failure of the Debtor(s) to file such a challenge with this Court within that period shall constitute acceptance by the Debtor(s) of the content of the Statement and a withdrawal of the Debtor(s)' MotionTo the extent that amounts set forth in the Statement of Account are accepted by the Debtor(s) or are determined by the Court to be valid, then the right of the Creditor to collect

such amounts will not be affected. Nothing in this section 6(b) shall affect any rights which the Creditor may have with respect to any defaults which consist of something other than a failure to make required payments to the Creditor.

Nothing herein shall prohibit the Creditor from proceeding with a motion for relief from the stay imposed by 11 U.S.C. § 362(a) at any time.